UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARGONAUT GREAT CENTRAL<br>INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  vs.<br><br>VALLEY VILLAGE, LLC, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:10CV2247 CDP<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

Pending before me is plaintiff Argonaut Great Central Insurance Company's motion to transfer venue. Argonaut initially filed this Declaratory Judgment action under 28 U.S.C. § 2201 in December of 2010, seeking a declaration that it is not required to defend defendant Valley Village, LLC, d/b/a Comfort Inns & Suites Chesterfield, in an underlying lawsuit in Missouri state court. The remaining defendants are Valley Village's employee, Nasser Bainsaeid, and E.N., a minor.

Argonaut now seeks to transfer this action to the Western District of Missouri, Western Division, for the convenience of the parties and the witnesses, indicating that venue is appropriate there and that Valley Village consents, but I cannot tell from the record before me whether transfer is appropriate. E.N. has

entered an appearance through counsel and has filed an answer to Argonaut's complaint, but none of the other defendants has. Argonaut has filed proof of service on Bainsaied, indicating that Bainsaied was served through his attorney, Alan Kimbrell, on December 16, 2010. However, Bainsaied has not entered an appearance through this counsel, and has failed to file any responsive pleading.

Meanwhile, Argonaut filed proof of service against Valley Village on March 21, 2011, indicating that Valley Village was served on March 14. Valley Village entered an appearance in the case through counsel, James Owen, on April 8. On that same date, Valley Village moved for an extension of time to file its responsive pleading, noting that it intended to challenge service. I granted the motion to extend, giving Valley Village until April 14 to file its responsive pleading, but that day has passed and Valley Village has yet to file any responsive pleading. Apparently in an effort to correct the errors in service pointed out by Valley Village, Argonaut requested an additional summons for Valley Village, which the Clerk of the Court issued on April 19, 2011.

I cannot tell from this record whether any defendant actually consents to the motion to transfer or even whether any defendant other than E.N. is actually participating in the case. I certainly cannot rule on a motion to transfer when the status of the defendants is in such disarray. Did Valley Village decide not to

answer because it thinks service was improper, and if so, how could it consent to transfer when it is challenging service? E.N. has filed an answer, but Argonaut's motion does not indicate whether she consents to transfer or whether Argonaut's counsel even contacted her counsel to seek consent. Finally, Argonaut has not sought default judgment against Bainsaied despite his failure to enter an appearance or file a responsive pleading. I will therefore order the parties who have entered an appearance to clarify things, and I will order Argonaut to file appropriate motions for default, together with all supporting documents, against Bainsaied.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Friday, April 29, 2011**:

1. Plaintiff Argonaut shall file appropriate motions for entry of default and for default judgment against Bainsaied, supported by all necessary affidavits and documentation, as well as proposed orders for the Court's consideration. If for some reason Argonaut thinks that seeking default judgment against this defendant is not appropriate, Argonaut shall explain that reasoning.

2. Defendant Valley Village shall file an answer or motion directed to service, and if it now agrees that service is proper, shall file a response to the

motion to transfer. If it fails to file anything, I will then direct Argonaut to promptly seek default against it.

    3.    Defendant E.N. shall file a response to the motion to transfer.

 

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of April, 2011.