UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:10CV2247 CDP |
| VALLEY VILLAGE, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This is a Declaratory Judgement action under 28 U.S.C. § 2201 in which plaintiff Argonaut Great Central Insurance Company seeks a declaration that it is not required to defendant Valley Village, LLC, d/b/a Comfort Inns & Suites Chesterfield of Nasser Bainsaeid, in an underlying lawsuit in Missouri state court. The plaintiff in the underlying lawsuit, E.N., a minor, is also joined as a defendant.

Currently pending before me are several motions by the parties. Even though Argonaut filed suit it this district, it seeks to transfer the action to the Western District of Missouri. It also seeks default judgment against Bainsaeid. Meanwhile, Valley Village has moved to dismiss the case under Rule 12(b)(5), Fed. R. Civ. P., for ineffective service of process. For the reasons that follow, I will deny Argonaut's motion to transfer. I will also deny Valley Village's motion to dismiss without prejudice, and will grant Argonaut an additional 120 days to

effect service on this defendant. I will enter default judgment against Bainsaeid by separate Order.

## I. Motion to Transfer

Argonaut moves to transfer this action to the Western District of Missouri under 28 U.S.C. § 1404(a). That section permits the Court in the interests of justice to transfer a civil action to another district where it might have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). Although the statute enumerates three categories to consider when making this determination (i.e., the convenience of the parties, the convenience of the witnesses, and the interests of justice), "a motion to transfer . . . calls on the district court to weigh in the balance a number of case-specific factors." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Such factors include, for example:

> the availability of judicial process to compel the attendance of unwilling witnesses, the governing law, the relative ease of access to sources of proof, the possibility of delay and prejudice if transfer is granted, and the practical considerations indicating where the case can be tried more expeditiously and inexpensively.

*See General Comm. of Adjustment GO-386 v. Burlington N. R.R.*, 895 F. Supp. 249, 257 (E.D. Mo. 1995).

In determining whether to transfer a case under § 1404(a), a plaintiff's choice of forum is given great weight and should not be disturbed unless the

movant makes a clear showing that the balance of interests weighs in favor of transfer.  *See, e.g., id.*  Merely shifting the inconvenience from one party to the another is not a permissible justification for a change of venue, so plaintiff's original choice of forum should be left undisturbed unless the balance of factors weighs heavily in favor of transfer.  *See Terra Int'l*, 119 F.3d at 696-97.

Here, plaintiff Argonaut argues the case should be transferred to the Western District of Missouri because the case could have originally been filed there.  Argonaut also suggests that transfer would be more convenient for it and defendant Valley Village LLC, as their attorneys and Valley Village's managing member are located in Kansas City, Missouri.  Yet its barebones motion falls short of demonstrating that transfer is appropriate in this case.

**Convenience of the Parties**

I find that the first statutory factor, the convenience of the parties, weighs in favor of Argonaut's choice of forum, which is here.  Under the Eighth Circuit's analysis in *Terra International*, 119 F.3d at 695, the plaintiff's choice of forum is entitled to considerable deference.  Argonaut now contends that the Eastern District is a less convenient forum for it, because its attorneys are located in Kansas City.  But "[m]erely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *See id.* at 696-97 (internal quotation marks and citation omitted).  Moreover, by filing this action in

this district, Argonaut has willingly chosen to litigate in this forum and cannot be heard to complain of its inconvenience now.

Additionally, although Valley Village has not opposed transfer, E.N. has. According to E.N., transfer would inconvenience her because she cannot afford to travel to the Western District of Missouri. E.N. also points out that the subject matter of this controversy arises out of transactions that occurred within the Eastern District of Missouri. Because Argonaut's choice of forum is entitled to deference, and because transfer would merely shift the burden of inconvenience to E.N., the convenience of the parties weighs heavily against transfer.

**Convenience of the Witnesses**

Argonaut admits that transferring this case will not be more convenient for any witness, because this case will likely never proceed to trial, but instead will probably be resolved on competing motions for summary judgment. Accordingly, this factor is neutral.

**Interests of Justice**

Argonaut submits no evidence indicating that the interests of justice would be served by transferring this case. Instead, Argonaut argues once more that transfer is appropriate because it would be convenient for it, and it points out that the Court has not yet entered a Case Management Order in this case and the parties have not begun discovery. Again, the convenience to one party (and that party's

counsel) in transferring a case from that party's own selected forum to another forum is not a significant enough factor to warrant transfer and to overcome the presumption in favor of the original forum. Argonaut chose this forum, and it has presented no evidence suggesting that any of the factors weighs in favor of transfer. Argonaut has therefore failed to meet its burden of demonstrating that transfer is appropriate, and its motion will be denied.

## II. Motion to Dismiss

Defendant Valley Village moves to dismiss Argonaut's claims against it under Rule 12(b)(5), Fed. R. Civ. P., for insufficient service of process. Valley Village contends that Argonaut has failed to serve Valley Village's Registered Agent with a summons and copy of the Complaint, or, alternatively, to leave copies of the summons and Complaint at its business office. *See* Fed. R. Civ. P. 4(e)(1) (service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located . . . ."); *see also* Mo. R. Civ. P. 54.13(b)(3) (service upon an unincorporated association may be made by delivering a copy of the summons and petition to the association's registered agent, or by leaving copies at the business office). Argonaut admits that it has failed to properly serve Valley Village, and it is undisputed that more than 120 days have passed since it filed its complaint. *See*

Fed. R. Civ. P. 4(m) (complaint subject to dismissal if service upon defendant is not completed within 120 days of filing).

However, Argonaut has presented evidence suggesting that Valley Village has evaded service and requests additional time in which to serve this defendant. *See Kurka v. Iowa City, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (upon a showing of good cause by plaintiff – including that defendant has attempted to evade service – a district court shall extend the time for service). In particular, Argonaut presents evidence that Valley Village has not supplied Argonaut with its registered agent's actual location or its own place of business when requested. The record also reflects that pluries summons have been reissued as to Valley Village at what is apparently its actual place of business. Because the evidence of Valley Village's misleading conduct and evasion of service constitute good cause for extending the time for service, I will deny Valley Village's motion to dismiss without prejudice and grant Argonaut's request for more time to effect service upon this defendant. *See id.* Argonaut will be given an additional 120 days to complete service.

### III. Default Judgment against Bainsaeid

As the Clerk has entered default against defendant Nasser Bainsaeid, Argonaut is entitled to default judgment as to him. This default judgment will declare that Argonaut is not required to defend Bainsaeid only; the judgment has

no effect on the pending claim for declaratory judgment as to defendant Valley Village.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Argonaut's motion to change venue [#27] is denied.

**IT IS FURTHER ORDERED** that plaintiff Argonaut's motion for default [#32] is granted; Default Judgment against defendant Nasser Bainsaeid will be entered by separate Order.

**IT IS FURTHER ORDERED** that defendant Valley Village's motion to dismiss [#33] is denied without prejudice, and plaintiff Argonaut is granted an additional 120 days to effect service on this defendant.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June, 2011.