UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARGONAUT GREAT CENTRAL, INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:10CV2247 CDP |
| VALLEY VILLAGE, LLC, NASSER BAINSAIED, and E.N., | ) ) ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This is a Declaratory Judgment action under 28 U.S.C. § 2201 in which plaintiff Argonaut Great Central Insurance Company seeks a declaration that it is not required to defend defendant Valley Village, LLC d/b/a Comfort Inns & Suites Chesterfield or its employee, defendant Nasser Bainsaied, in an underlying lawsuit in Missouri state court. The plaintiff in the underlying lawsuit, E.N., a minor, is also joined as a defendant. Argonaut originally filed the lawsuit in December of 2010, and effected service of process upon Bainsaied and E.N. soon afterwards. E.N. duly filed her answer to the complaint, but Bainsaied did not, and I entered default judgment against Bainsaied in June of 2011.

Meanwhile, Argonaut was unsuccessful in its attempts to serve Valley Village, and Valley Village filed a motion to dismiss the complaint for ineffective

service of process on April 29, 2011. I denied that motion on June 8, 2011, however, because Argonaut presented evidence that Valley Village was evading service. I also granted Argonaut an additional 120 days to effect service upon this defendant.

Argonaut has now filed two proofs of service upon Valley Village. The first, filed on June 27, 2011, indicates that Valley Village was served with this lawsuit through service on the Secretary of State on May 27, 2011. This service was effective, as the evidence indicates that Valley Village has failed to maintain a registered agent in this state. *See* Fed. R. Civ. P. 4(e)(1) (service may be effected by following the state law for service of process for the courts of general jurisdiction in the state court where the district is located); *see also* Mo. Ann. Stat. § 351.380 ("In the event that a corporation shall fail to appoint or maintain a registered agent in this state, then the secretary of state as long as such default exists shall be automatically appointed as an agent of such corporation upon whom any process . . . may be served."). Second, Argonaut filed proof of service on July 8, 2011, indicating that service was also effected on Valley Village's registered agent at the agent's home on June 30, 2011, after the server made visual contact with the agent and the agent fled back into his home. *See* Mo. Ann. Stat. § 351.380 (service on a corporation may be effected by service on its registered

agent). Valley Village has yet to file an answer or any other responsive pleading to Argonaut's complaint, however.

This case has gone on long enough with Valley Village's delay, evasion, of service, and failure to defend against Argonaut's claims. Aside from now being twice served with process, Valley Village has also entered an appearance through counsel when it filed its motion to dismiss, and so it is clearly aware of the litigation. This is a standard action to determine rights under an insurance contract, and Valley Village's dilatory acts have delayed what should have been straight-forward case. I will therefore order Argonaut to file appropriate motions for entry of default and for default judgment against Valley Village. I encourage Valley Village to enter into this litigation and defend its rights under the insurance contract to prevent default judgement. I also note the evidence in the record of Valley Village's evasion and delay; I will consider this evidence should Valley Village later attempt to set aside default.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **Tuesday, August 9, 2011**, Argonaut shall file appropriate motions for entry of default and for default judgment against Valley Village, supported by all necessary affidavits and documentation, as well as proposed orders for the Court's consideration.

This case will be set for a Rule 16 Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2011.