UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:10 CV 2247 CDP |
| VALLEY VILLAGE, LLC, d/b/a COMFORT INN & SUITES CHESTERFIELD, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for a new trial. Plaintiff Argonaut Great Central Insurance Company sought a declaratory judgment that two insurance policies it issued to defendant Valley Village, LLC did not provide coverage for claims asserted in a state-court lawsuit filed by defendant E.N. Following a bench trial, I entered judgment declaring that the Commercial General Liability policy did not provide coverage, but that the Commercial Umbrella policy did provide coverage with regard to E.N.'s claims against Valley Village, but not as to her claims against defendant Nasser Bainsaeid. Argonaut argues that a new trial is necessary because, it claims, I changed the issues and legal standards following my summary judgment ruling, and it was therefore deprived of an

1

opportunity to adequately present evidence. After fully reviewing the case and the arguments, I conclude that a new trial is not warranted.

## **Background**

This case has a somewhat complicated procedural history, but the facts of the case are are not complicated, and are set forth in my findings and conclusions entered on October 9, 2013 [docket # 129]. Defendant Nasser Bainsaeid was a front desk clerk at defendant Valley Village's hotel, the Comfort Inn & Suites Chesterfield, where the minor E.N. was staying with her mother. On two occasions – November 2, 2008 and December 2, 2008 – Bainsaeid sexually assaulted E.N.[1] On the first occasion the assault occurred shortly after he finished his shift, and on the second occasion the assault occurred during his shift.

E.N. filed suit in state court against Bainsaeid and Valley Village. Argonaut, who had issued two policies to Valley Village, filed this declaratory judgment action. I granted summary judgment to Argonaut on the Commercial General Liability policy, concluding that the claims were excluded under that policy's sexual misconduct exclusion, and that decision is not at issue here. With regard to the Commercial Umbrella policy, I held a bench trial. Following that trial I ruled that Bainsaeid was not "an insured" because his acts were so outrageous that they were not within the scope of his employment. The result of

---
[1] Because E.N. was 13 and 14 years old when Bainsaeid had sexual contact with her, any alleged "consent" by E.N. does not keep the incidents from constituting sexual assault.

this was that the exclusion for damages "expected or intended from the standpoint of an insured" did not bar coverage for the claims against Valley Village, because Valley Village, the insured, did not intend the acts, even though Bainsaeid obviously did. This is the conclusion challenged by the motion for new trial.

The procedural confusion arises mostly from the parties' evolving evidence about the facts of the case. When E.N. filed her case in state court she incorrectly alleged that the date of the first assault was October 1, 2008. When the parties filed their summary judgment motion, they presented uncontested – but false – evidence both as to the date of the first assault and as to the timing of both assaults. In the summary judgment evidence and briefing, the parties claimed that it was the second assault that occurred after Bainsaeid's shift ended, and the first that occurred during his shift. In my summary judgment order [docket entry # 93] I concluded erroneously that the claims arising from the October 1, 2008 assault were excluded from coverage and that factual disputes remained as to the claims arising from the December 2, 2008 assault. I then set a telephone conference with counsel to discuss the schedule for resolving the rest of the suit.

During the telephone conference held on March 22, 2013 (which was not on the record), the parties incorrectly told me that the actual date for the second incident was November 4, 2008. Following that conference, I set a schedule for the discovery the parties indicated was needed and for trial [docket # 98].

Before the trial, E.N. sought and was granted leave to amend her state court suit to allege the November 2, 2008 and December 2, 2008 dates. Thus, my opinion on summary judgment under the Commercial Umbrella policy covered a claim – arising from the October assault – that did not exist.[2] The morning of trial, E.N. filed a motion asking me to abstain from deciding the case, and I took that under advisement and proceeded with the evidence. Both sides presented evidence and made arguments, and I took the case under submission. I later entered a memorandum opinion, which included findings of fact and conclusions of law, and final judgment. I determined that I should reconsider the summary judgment on the first assault, because the facts of the case were not as the parties had presented on summary judgment. I then determined that Bainsaeid had not been acting within the scope of his employment when he committed the assaults, so he did not meet the definition of "an insured." Because he was not an insured, his intent did not matter, and so the "expected or intended" exclusion did not apply.

## Discussion

Argonaut argues that a new trial is required because "The Court ordered the parties to present evidence on a limited issue for trial applying a certain legal standard, then entered Judgment applying a new and different legal standard without providing the parties an opportunity to present evidence with respect to the

---

[2] Because the sexual misconduct exclusion in the CGL policy applies in any event, that part of my judgment is not affected by this order or by the date errors.

new legal standard . . ." Argonaut argues that my summary judgment order restricted issues for trial to the question of whether Bainsaeid was on or off the clock during the second incident. "A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice." *McCabe v. Mais*, 602 F. Supp. 2d 1025 (N. D. Iowa 2008) (citing *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)).

The summary judgment order stated that the issue remaining for trial was whether the CU policy provided coverage for the second incident. It also said that the parties did not dispute that Bainsaeid was an employee during the first incident and therefore "an insured." It then said that a factual dispute remained regarding whether Bainsaeid was an employee during that second incident, but nothing in the order limited the trial to that single factual issue. On summary judgment, the parties did not argue about whether Bainsaeid was acting within the scope of his employment when he committed the assaults. Argonaut's summary judgment motion argued that there was no coverage under the CU policy because there was no "occurrence" and that even if there was an occurrence, coverage was excluded under the "expected or intended" exclusion. The parties argued about what that clause meant, but no one argued at all about whether Bainsaeid was acting within the scope of his employment on either occasion. E.N.'s proposed statements of facts on the summary judgment motions said he was "employed" during the first

5

incident and that he was "not on company time" during the second incident. [Docket # 72-1, ¶¶ 3, 4; Docket # 81-2, ¶¶ 2, 3]. Argonaut responded that both of those things were irrelevant and that the allegations that he was an employee during the first incident, but not the second, was uncontroverted. [Docket # 76, ¶¶ 3, 4; Docket # 83, ¶¶ 2, 3].

The summary judgment motions thus assumed that if Bainsaeid committed the assaults while he was an employee and on duty, he would be an insured. My opinion accepted that assumption. By the time trial came, however, in addition to correcting the confusion about the dates and times, the parties briefed the question of whether he acted within the scope of his duties, which is, of course, required by the definition of "insured." E.N.'s trial brief extensively argued that Bainsaeid was not acting within the scope of his employment when he committed the assaults. [Docket # 106]. Valley Village's trial brief did the same. [Docket # 110]. Even Argonaut recognized, in its proposed Findings of Fact and Conclusions of Law, that it must prove that Bainsaeid was acting within the scope of his employment for him to meet the definition of "an insured" and for the exclusion to apply. [Docket # 113]. Argonaut itself proposed that the court conclude, among other things: "The Court, having heard the testimony of the witnesses at trial, concludes that the December 2, 2008 incident occurred *while Bainsaeid was within the course and scope of his employment* with the hotel." [Docket # 113 at p. 11, emphasis

6

added]. It goes on to cite case law regarding the scope of employment issue. Argonaut thus was fully aware that it was required to prove that Bainsaeid was acting within the scope of his employment in order for it to prevail; in fact it asked me to make a finding that it actually had proved that issue. For it to now argue that it was surprised by this issue is simply wrong.

Summary judgment rulings that do not dispose of the entire case are interlocutory in nature, and may be reconsidered and revised up until the time a final judgment is entered. *See Ideal Instruments Inc. v. Rivard Instruments, Inc.*, 434 F.Supp.2d 640, 647 (N.D. Iowa 2006); *see also Kort v. Western Sur. Co.*, 705 F.2d 278, 280 (8th Cir. 1983) (trial court had authority to reconsider grant of summary judgment). Because the earlier summary judgment order did not result in a final judgment, the court had the authority to reconsider it. Here, the parties admitted that they had provided incorrect information in their summary judgment materials. Because that false information directly affected the conclusion in the case, the interests of justice favored reconsideration. I had granted summary judgment because the parties admitted defendant was an employee in the first incident based on a mistake in the facts – that he was on the clock. Argonaut argued that I should find in the bench trial that there was no coverage in the second incident because by the time of trial it was undisputed that Bainsaeid was on the clock in the second instance, and yet wanted to keep the finding of no coverage in

7

the first incident even though it was admittedly based on incorrect facts. It was not until they filed their pretrial materials that the parties briefed the scope of employment issues, but they did so, and Argonaut had notice that issue was part of the trial.

Argonaut argues that had it would have taken additional discovery and would have presented additional evidence had it known that the scope of Bainsaeid's employment was an issue. But Argonaut never before suggested that it wanted to take such discovery. It had time and opportunity to conduct whatever discovery it wanted in this case, and as the insurer, it certainly knew the definition of insured in its own policy, and it knew what it, as the plaintiff, was required to prove. In its trial brief it asked me to actually find that it had proven Bainsaeid acted within the scope of his duties.

Both sides should have determined the true facts of this case sooner than they did. Had they done so, perhaps they would have raised additional issues in their summary judgment motions. But they ultimately did determine the true facts, and they presented those true facts at trial. It would have not been in the interests of justice for the court at trial to stick with an incorrect interlocutory ruling when presented with the truth about the times and dates. It also would not have been in the interests of justice for the court at trial to ignore the law regarding the scope of employment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a new trial [#131] is denied.

                                              _____
                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE

Dated this 24th day of April, 2014.